IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MARK ALLEN KOCH,<br><br>        Plaintiff,<br><br>v.<br><br>THOMAS KRUML; CENTER FOR RURAL AFFAIRS, INC.; RURAL ENTERPRISE ASSISTANCE PROGRAM; SHEER COUNTRY, LLC; SMALL BUSINESS ADMINISTRATION; UNITED STATES DEPARTMENT OF AGRICULTURE; JOHN AND JANE DOE; and ALL OTHER PERSONS HAVING OR CLAIMING ANY RIGHT, TITLE OR INTEREST IN OR TO, East 22.5 feet of lot 2, in block 30, of the original townsite Ord Valley County, Nebraska and Ord-original add/102 N62.5 of DIV E in L4 B30, Ord, Valley County, Nebraska,<br><br>        Defendants. | 8:19CV345<br><br>MEMORANDUM<br>AND ORDER |

On June 11, 2019, pro se plaintiff Mark Allen Koch ("Koch") filed suit in the District Court of Valley County, Nebraska ("state court").[1] Koch sued defendants Thomas Kruml, Center for Rural Affairs, Inc. ("CFRA"), Rural Enterprise Assistance Program ("REAP"), Sheer Country, LLC ("Sheer Country"), Small Business Administration ("SBA"), United States Department of Agriculture ("USDA"), John and Jane Doe ("Does"), and All Other Persons Having or Claiming Any Right, Title or Interest in or to, East 22.5 feet of lot 2, in block 30, of the original townsite Ord Valley County, Nebraska and Ord-original add/102 N62.5 of DIV E in L4 B30, Ord, Valley County, Nebraska ("interested persons").[2] The SBA

---

[1]This matter is referred to as CI 19-19 in state court.

[2]The Does and interested persons have not been identified or served and did not respond to Koch's motions. The defendants other than the Does and interested persons will be collectively referred to as "defendants" throughout.

and USDA removed (Filing No. 1) the case to this Court on August 7, 2019. *See* 28 U.S.C. § 1442(a).

Although not entirely clear from Koch's Complaint (attached at Filing No. 1), it appears he seeks to set aside (1) "a trustee sale held June 11, 2019 by Thomas Kruml Trustee for Sheer Country LLC" and (2) "transfer of lending instruments . . . from the SBA and USDA federally funded agency CFRA/REAP." Koch seeks relief against all the defendants based on allegations of false transfers of his loans, improper trustee, improper notice, and inaccurate documents underlying the trustee sale.

On August 14, 2019, and August 16, 2019, respectively, Koch filed a Motion for Injunction (Filing No. 10) and a Motion for Immediate Ex Parte Restraining Order/Injunction (Filing No. 12). Koch sought to "stop any adverse actions/collections/replevins/taking" until this case is resolved. Specifically, he sought to retain possession of and access to his "home, property, business revenue and equipment, and store building," and for electricity to be returned to service in his commercial properties. The Court scheduled a hearing on those motions for August 26, 2019.

The defendants[3] resisted Koch's motions. In their brief in opposition to Koch's motions, the SBA and USDA argued, in part, (1) the Court lacks subject-matter jurisdiction over them due to principles of sovereign immunity and (2) Koch failed to allege facts identifying any interactions or involvement between him and the SBA and USDA. The Court issued a text notice (Filing No. 20) on August 22, 2019, informing the parties the Court would also address the question of jurisdiction over the United States and its entities at the hearing.

Aware that Koch only receives filings by mail, on August 23, 2019, the Court, as a courtesy, emailed Koch (at the email address he provided chambers's staff for communications involving the hearing) a copy of that text notice as well as copies of the

---

[3]REAP has not entered an appearance in this case, but CFRA has indicated CFRA does business as the REAP such that its counsel would represent both entities.

documents the defendants had filed regarding Koch's motions. Assistant United States Attorney Robert L. Homan ("Homan"), counsel for the SBA and USDA, reports he also emailed Koch on August 23, 2019, copies of the SBA and USDA's filings made in opposition to Koch's motions.

At the hearing on August 26, 2019, Koch objected to the Court considering whether the Court has subject-matter jurisdiction over the SBA and USDA because he believed he did not have a sufficient opportunity to either prepare to discuss that matter or review the filings from the Court or Homan. According to Koch, (1) his computer did not have the appropriate software to review the materials delivered by the Court and (2) he never received Homan's email. Koch stated he did not have time to follow up with Homan because Koch took a business trip.

The Court overruled Koch's objection, explaining Koch's request for an expedited hearing was at odds with his complaints he did not have enough time to prepare. Koch did not dispute chambers's staff sent him the defendants' filings. Nor can Koch dispute that he heard and had a full opportunity to respond the defendants' arguments at the hearing.

The Court explained it could not address Koch's motions for injunctive relief without subject-matter jurisdiction. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011) ("It is well established that a court has a special obligation to consider whether it has subject matter jurisdiction in every case."). Koch bore the burden of establishing jurisdiction. *See Osborn v. United States*, 918 F.2d 724, 729-30 (8th Cir. 1990). The Court advised Koch he had not met that burden in his Complaint and gave him the opportunity to establish jurisdiction at the hearing based on the facts of this case and the law, which he failed to do.

"Sovereign immunity shields the United States and its agencies from suit absent a waiver." *Compart's Boar Store, Inc. v. United States*, 829 F.3d 600, 604 (8th Cir. 2016). "Sovereign immunity is jurisdictional in nature." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Koch did not identify any statute or other basis showing the USDA or SBA waived sovereign immunity in this case. The Court, therefore, found it lacks subject-matter jurisdiction over those agencies and dismissed them from this action.[4] Considering the nature of Koch's claims and the fact that several related cases are currently pending in state court, this Court declined to exercise supplemental jurisdiction over the remaining claims, *see* 28 U.S.C. § 1367(c), and remanded this case back to state court. Accordingly,

IT IS ORDERED:
1. Defendants Small Business Administration and United States Department of Agriculture are dismissed from this case.
2. This case is remanded to the District Court of Valley County, Nebraska.
3. The Clerk of Court is directed to take all steps necessary to accomplish the remand.

Dated this 28th day of August 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[4]Moreover, Koch has not explained how the SBA and USDA are involved in this case or identified any other basis for having this suit in federal court. The SBA and USDA had nothing to do with the underlying trustee sale. The only involvement the Court can glean from the record in this case is the SBA and USDA may have provided original-source funding for loans between Koch and REAP, but that long before this lawsuit, REAP paid those original-source loans to the SBA and USDA such that those agencies no longer had any claim to the collateral or other involvement with the loans. Failing to state a claim against the SBA and USDA is yet another reason to dismiss them from this action.